UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PROGRESSIVE ISLAND, LLC, § <br> d/b/a ROCK ISLAND APARTMENTS, § <br>  § <br> Plaintiff, § <br>  § <br> v. § <br>  § <br> SCOTTSDALE INSURANCE COMPANY; § <br> WARDLAW CLAIMS SERVICE, INC., and § <br> MICHAEL GRANTLAND, § <br>  § <br> Defendants. § | | No. 3:13-cv-741-M |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Notice of Removal, filed by Defendant Scottsdale Insurance Company ("Scottsdale") [Docket Entry #1]. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and therefore **REMANDS** the case to the 95th Judicial District Court of Dallas County, Texas.

I.   BACKGROUND

This suit arises from an insurance agreement between Progressive Island, LLC d/b/a Rock Island Apartments ("Progressive") and Scottsdale. Progressive claims its apartment building was damaged as a result of a storm on June 13, 2012. Progressive submitted a claim to Scottsdale. Scottsdale allegedly hired Defendant Wardlaw Claims Service, Inc. to adjust the claim. Wardlaw, in turn, assigned Defendant Michael Grantland to investigate and evaluate the claim.

Progressive alleges that Scottsdale failed to hire the appropriate professionals to evaluate its loss and, consequently, underestimated the damage to Progressive's property. Progressive also

contends that Wardlaw and Grantland (collectively, "the adjusters") conducted a substandard investigation and failed to provide material information pertaining to the investigation and evaluation of Progressive's loss. Based on this alleged misconduct, Progressive sued Scottsdale for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. Progressive also sued the adjusters for violations of Texas Insurance Code provisions concerning unfair settlement practices. Scottsdale removed the action to this Court, claiming the adjusters, whose presence would defeat diversity, were improperly joined.

Progressive and the adjusters are citizens of Texas. Scottsdale is a citizen of Ohio and Arizona. Although Progressive did not move to remand, courts must police their own jurisdiction. The sole issue is whether Progressive has a reasonable possibility of recovering against the adjusters; if it does, diversity jurisdiction is defeated.[1]

## II.   LEGAL STANDARD

A defendant may remove a case to federal court when federal jurisdiction exists, and the removal procedure is properly followed. 28 U.S.C. § 1441. A case removed on the basis of diversity jurisdiction may remain in federal court despite the presence of non-diverse defendants if the removing defendant shows that the non-diverse defendants were improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

Defendants are considered improperly joined when there is no reasonable possibility that a plaintiff will be able to establish a cause of action against them. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To determine "whether the complaint states a claim under state law against the in-state defendant," the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Id*. All factual allegations are

---

[1] The parties agree that the amount in controversy here exceeds $75,000.

considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 203, 308 (5th Cir. 2005). "The burden of persuasion on those who claim . . . [improper] joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

Although the Fifth Circuit has not provided definitive guidance on the issue, this Court has determined that it must review a plaintiff's complaint under the pleading standard of the state court in which it was brought. *See Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4–5 (N.D. Tex. Nov. 8, 2012) (Lynn, J.). Texas applies a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

A Texas state court liberally construes a petition in the plaintiff's favor. *Id.* at 897; *Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 861 (Tex. App.—Houston 2013, no pet.). Moreover, a court applying the Texas pleading standard will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can be reasonably inferred from what the plaintiff specifically stated. *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993); *Lone Star*, 401 S.W.3d at 861. A Texas state court pleading can contain legal conclusions as long as the allegations as a whole give the opponent fair notice. Tex. R. Civ. P. 45(b).

### III.   ANALYSIS

The Court finds that Progressive's allegations against the adjusters—though perhaps insufficient if viewed against federal pleading standards—sufficiently create a reasonable possibility that, under the fair notice standard, Progressive can potentially establish a cause of

action. *See, e.g.*, *Campos v. Am. Bankers Ins. Co. of Fla.*, No. H–10–0594, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) ("The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court . . . . But this court cannot conclude that there is no reasonable basis to predict that [plaintiff] might recover against [defendant] in state court."). The facts of the Original Petition, taken as true, establish that the adjusters engaged in unfair settlement practices in adjusting Progressive's claim, for which they may be liable under the Texas Insurance Code. *See Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 282 (Tex. 1998) (holding that adjusters can be held liable under the Texas Insurance Code).

While Scottsdale argues that Progressive only pleaded facts that suggest the adjusters failed to communicate properly with Plaintiff, actually, Progressive asserted that Wardlaw and Grantland conducted a substandard investigation and failed to evaluate Progressive's damages properly. *Pet.* ¶¶ 87, 138-39, 148-54, 156-68. Progressive also alleged that the adjusters failed to "attempt in good faith to effectuate a prompt, fair, and equitable settlement" of the claim, and failed to promptly provide "a reasonable explanation of the basis in the policy." *Pet.* ¶¶ 148-150, 171-173.

The Court cannot say that Plaintiff's allegations fail to meet Texas's "fair notice" pleading standard. *See, e.g.*, *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539 (N.D. Tex. Oct. 14, 2013) (Lynn, J.); *Harris v. Allstate Tex. Lloyd's,* No. CIV.A.H–10–0753, 2010 WL 1790744, at *3–4 (S.D. Tex. Apr. 30, 2010) (granting plaintiff's motion to remand where his petition alleged that the adjuster was "tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the Texas Insurance Code," "failed to conduct a reasonable investigation," and "failed to attempt a fair settlement").

Scottsdale argues that only it, and not the adjusters, owes a duty to Progressive, and therefore, Progressive cannot state a claim against the adjusters. This Court has held that Texas Insurance Code § 541.060 prohibits those in the business of insurance, including adjusters, from engaging in certain unfair settlement practices, such as: failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim to which the insurer's liability has become reasonably clear; failing to provide a policyholder a reasonable explanation of the basis for the denial of his or her claim; and refusing to pay a claim without conducting a reasonable investigation. *Rogers v. Allstate Indem. Co.*, No. 3:12-CV-04725-M, 2013 WL 2182661 (N.D. Tex. May 20, 2013) (Lynn, J.); *see Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278 (5th Cir. 2007) (holding that a claims adjuster responsible for the servicing of insurance policies was engaged in the business of insurance, within the meaning of the Texas Insurance Code, and thus, could be held liable individually for violations of the Insurance Code). At a minimum, taking Progressive's allegations as true, Wardlaw and Grantland failed to provide Progressive with a reasonable explanation for the denial of its claim, which can violate provisions of the Texas Insurance Code.

Thus, for the reasons stated above, Scottsdale has not met its heavy burden to show improper joinder of the adjusters. Therefore, there is not complete diversity and this Court lacks subject matter jurisdiction. Accordingly, it is unnecessary to evaluate Progressive's position that Scottsdale waived its right to removal by engaging in affirmative conduct in the state court and purposely availing itself of state court jurisdiction. The Court **REMANDS** the case to the 95th Judicial District Court of Dallas County, Texas.

**SO ORDERED**.

November 18, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS